**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

HONGBIN SUN,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.   17-73253

Agency No. A201-050-938

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2020[**]
Honolulu, Hawaii

Before:  FARRIS, McKEOWN, and BADE, Circuit Judges.

HongBin Sun, a 43-year-old male and native and citizen of China, arrived in

Los Angeles, CA on October 18, 2010 on a B-2 visa and remains in Hawai'i today.

He applied for asylum, withholding of removal, and CAT protection in early 2011.

An asylum officer interviewed Sun and then referred the matter to an Immigration

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Judge, who denied Sun's application on adverse credibility grounds. Sun appealed the IJ's asylum finding to the Board of Immigration Appeals, which upheld the IJ's determination. We review the agency's credibility determination for substantial evidence, *Rivera v. Mukasey*, 508 F.3d 1271, 1274 (9th Cir. 2007), and we deny Sun's petition for review.

Sun must establish his own credibility to support his petition, either independently or with the help of corroborating evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). We must deny his petition unless his presentation was "'so compelling that no reasonable factfinder could find' that he was not credible." *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003) (quoting *Garrovillas v. INS*, 156 F.3d 1010, 1015–16 (9th Cir. 1998)). We "must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). The court's review of an IJ's credibility finding is "significantly restricted," and "only the most extraordinary circumstances will justify overturning" it. *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (citations omitted).

In assessing credibility in this case, the IJ may consider the applicant's candor, responsiveness, plausibility, consistency, and any inaccuracies or falsehoods, "without regard to whether an inconsistency, inaccuracy, or falsehood

goes to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). Even a single "[m]ajor" and "material" inconsistency may be enough. *Rizk*, 629 F.3d at 1088; *see also Jiang v. Holder*, 754 F.3d 733, 738–40 (9th Cir. 2014); *Tamang v. Holder*, 598 F.3d 1083, 1093–94 (9th Cir. 2010). But "an utterly trivial inconsistency" that "under the total circumstances [has] no bearing on the applicant's veracity," such as a typographical error, cannot by itself form a sufficient basis for an adverse credibility determination. *Shrestha*, 590 F.3d at 1043–44. "[I]f the trier of fact either does not believe the applicant or does not know what to believe, the applicant's failure to corroborate his testimony can be fatal to his asylum application." *Sidhu v. INS*, 220 F.3d 1085, 1090 (9th Cir. 2000).

Here, the BIA affirmed the IJ's credibility determination on four inconsistencies between Sun's statements to the asylum officer and the IJ. First, the notes from Sun's asylum interview were admissible. Under *Singh v. Gonzales*, 403 F.3d 1081, 1089–90 (9th Cir. 2005), the notes had sufficient indicia of reliability to be considered by the IJ.[1]

Second, at least two out of the four inconsistencies are supported by substantial evidence. Without ruling on the inconsistencies between Sun's hearing

---

[1] Sun waived his argument that he saw these notes for the first time mid-hearing and thus had no time to review them by failing to make that argument on appeal to the BIA. *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004).

testimony and the asylum interview notes regarding Sun's work history in China and who the police questioned and how, we hold that the inconsistencies regarding the time and details of Sun's arrest and the name of the police station involved were substantial and properly considered in the IJ's credibility analysis. None of Sun's documentary evidence corroborates either of those two points, and the IJ was not required to believe his explanations. *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005) ("[A]n IJ must be allowed to exercise common sense in rejecting a petitioner's testimony."). As a result, the evidence does not compel a different finding as to Sun's credibility.

Because substantial evidence supports the agency's denial on adverse credibility grounds, we need not reach whether substantial evidence supports its determination regarding past or future persecution.

**PETITION DENIED.**